FILED
JAMES BONINI
CLERK

07 AUG 23 PM 3: 19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | 1:07 CV 703 |
| Plaintiff, | CIVIL ACTION NO. J. DLOTT |
| v. | |
| FORD MOTOR COMPANY, | COMPLAINT |
| and | |
| UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | |
| and | |
| VISTEON CORPORATION, | |
| and | |
| AUTOMOTIVE COMPONENTS HOLDINGS, LLC | |
| Defendants. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to a class of African-American apprenticeship test takers who were adversely affected by such

practices. The Commission alleges that Defendants' apprenticeship test had a disparate impact on African-American apprentice applicants and consequently denied them eligibility and admission to the apprenticeship program at least since January 1, 1997.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3 ("Title VII").

2.  The employment practices alleged to be unlawful were and are now being committed within the state of Ohio.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Ford Motor Company (an "Employer"), has continuously been a Delaware corporation doing business in the State of Ohio and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Visteon Corporation (an "Employer"), has continuously been a Delaware corporation doing business in the State of Ohio, has continuously had at least 15 employees and has been a successor of Employer Ford.

2

6. At all relevant times, Defendant Automotive Components Holdings, LLC (an "Employer"), has continuously been a Delaware corporation doing business in the State of Ohio, has continuously had at least 15 employees and has been a successor of Employers Ford and Visteon.

7. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members. At all relevant times, Defendant UAW has been the recognized collective bargaining representative for employees of Defendant Employers.

9. At all relevant times, Defendant UAW has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro, Eric Barbee and Darnay Cheeks filed charges with the Commission alleging violations of Title VII by Defendant Employer Ford. All conditions

precedent to the institution of this lawsuit have been fulfilled.

11. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks and Gordon B. Rinfro filed charges with the Commission alleging violations of Title VII by Defendant UAW. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least January 1, 1997, Defendant Employers have engaged in unlawful employment practices at their Sandusky, Ohio and other facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant Employers' apprenticeship test had a disparate impact on African-American apprentice applicants and consequently denied them eligibility and admission to the apprenticeship program. The Commission further alleges that Defendant Employers' apprenticeship test was not reasonably reviewed for currency by investigation of alternative selection procedures with less adverse impact, which had become current in the professional literature by the time this case arose.

13. Since at least January 1, 1997, Defendant UAW has engaged in unlawful employment practices at Defendant Employers' Sandusky, Ohio and other facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant UAW's apprenticeship test had a disparate impact on African-American apprentice applicants and consequently denied them eligibility and admission to the apprenticeship program. The Commission further alleges that Defendant UAW's apprenticeship test was not reasonably reviewed for currency by investigation of

alternative selection procedures with less adverse impact, which had become current in the professional literature by the time this case arose.

14. The effect of the practice(s) complained of in paragraph(s) 12-13 above has been to deprive the class of African-American apprenticeship test takers of equal employment opportunities and otherwise adversely affect their status as employees and apprentice applicants, because of their race.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of their past unlawful employment practices.

C. Order Defendant Employers to make whole the class of aggrieved African-American apprentice applicants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including rightful-place instatement and front pay.

D. Grant a permanent injunction enjoining Defendant UAW, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate impact regarding selection for apprenticeship and any other

employment practice which discriminates on the basis of race.

E. Order Defendant UAW to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past unlawful employment practices.

F. Order Defendant UAW to make whole the class of aggrieved African-American apprentice applicants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place instatement and front pay.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

I. Or in the alternative, Grant Approval of the Parties' Settlement Agreement, which is the subject of a Joint Motion for Preliminary Approval of Settlement Agreement which will be filed with this Complaint.

        Respectfully submitted,

        RONALD S. COOPER
        GENERAL COUNSEL
        Washington, D.C.

        JAMES L. LEE
        DEPUTY GENERAL COUNSEL
        Washington, D.C.

        GWENDOLYN Y. REAMS
        ASSOCIATE GENERAL COUNSEL
        Washington, D.C.

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY
Philadelphia, PA

*/s/ C. Larry Watson*
C. LARRY WATSON (0031443)
ASSOCIATE REGIONAL ATTORNEY

*/s/ Jeffrey A. Stern*
JEFFREY A. STERN (0020107)
SENIOR TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
AJC Federal Building, Suite 3001
Cleveland, Ohio 44199
Larry.Watson@eeoc.gov
Jeffrey.Stern@eeoc.gov
(216) 522-7455 (Watson)
(216) 522-7458 (Stern)
(216) 522-7430 telefax